**STATE of Missouri, Respondent,**

v.

**Danny NELSON, Appellant.**

**No. ED 84544.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 2005.

Application for Transfer Denied
Dec. 20, 2005.

---

Amy M. Bartholow, Assistant Public Defender, Columbia, MO, for appellant.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Danny Nelson ("Defendant") appeals from the trial court's judgment entered in the Circuit Court of St. Louis County upon his conviction by a jury of first degree child molestation. Defendant contends that the trial court erred in overruling his trial attorney's objections to the improper introduction of evidence of the prior statutory sodomy of a different victim. We reverse and remand.

### Statement of the Facts and Proceedings Below

Thirteen year-old J.B. and her family lived across the street from Defendant and his family. The families were close friends. On February 13, 2003, J.B. took her new Chihuahua puppy over to Defendant's house to show it to Defendant. While J.B. and the puppy were visiting Defendant, Defendant touched J.B.'s leg and, at a certain point, placed his hand under J.B.'s sweater and rubbed her back. After a while, Defendant used the puppy's paws to lift J.B.'s shirt about one-half inch above her belly button and tickle her stomach with the dog's paws. Defendant also touched J.B.'s stomach with his hand.

After touching J.B.'s stomach with his hand, Defendant touched the fabric of J.B.'s right bra cup. Thereafter, Defendant rubbed J.B.'s lower stomach and placed his "first knuckle" in J.B.'s pants. Defendant also hugged J.B., touched her bottom and kissed her forehead.

After talking to a friend and her stepmother, J.B. reported the incident to the police. Officer Steve Still took J.B.'s report and, in response, interviewed Defendant. Defendant admitted to touching J.B.'s rear end, hugging her and touching her "a little bit below her belt line." Defendant did not admit to touching J.B.'s breast or bra.

The State charged Defendant with child molestation in the first degree. More spe-

cifically, the State alleged in the complaint that Defendant had sexual contact with J.B. "by touching her breast, over her bra, with his hand."[1] Defendant pleaded not guilty.

Prior to trial, the State moved to introduce evidence of Defendant's commission of a prior crime, specifically a 1999 conviction for statutory sodomy involving a sixteen-year-old victim known as A.R. The State argued that this evidence, including A.R.'s in-court testimony, the investigating police officer's in-court testimony, and Defendant's written and nearly hour long videotaped confession were necessary to prove Defendant's intent to molest J.B. by touching her breast.

On the morning of trial, Defendant's attorney objected to the use of the prior conviction. In response, the State again asserted that this evidence was necessary because intent was an issue in the case and the prior conviction could show the absence of a mistake or accident. At that time, the trial court granted the State's request to introduce the evidence.

At trial, the State called J.B., Officer Still, A.R. (the victim in the 1999 sodomy incident), a victim's advocate and the police officer from the 1999 case to testify. In her testimony, J.B. alleged that, on the date in question, Defendant touched her back, stomach and the cup of her bra. Officer Still testified that his report indicated that J.B. alleged that Defendant touched her on her stomach, her back and her buttocks but that J.B. did not allege that Defendant touched her bra or her breast. When questioned further, Officer Still indicated that he had extensive expe-

rience interviewing children and, if J.B. had made such an allegation, it would be contained in the report. In addition, Officer Still testified that he did not question Defendant regarding the allegation that he touched J.B.'s breast because that allegation is not contained in his report.

Over defense counsel's renewed objection, A.R. testified that when she was sixteen years-old, Defendant, who was a very close family friend, molested and sodomized her. Specifically, A.R. testified that she was lying on a couch in Defendant's basement pretending to be asleep when Defendant began to rub her back and touch her breasts. A.R. testified that she heard Defendant unzip his pants and touch himself. Defendant then rubbed A.R.'s legs, separated them and kissed her inner thigh. Ultimately, Defendant placed his hands inside A.R.'s shorts and inserted his finger in her vagina.

The State next called the officer who questioned Defendant in response to A.R.'s allegations. The officer testified that Defendant made a written confession. The written confession, which the State offered and the trial court admitted stated, as follows:

[I] [s]tarted rubbing [A.R.'s] back then moved her hand to my crouch [sic]. Then opened my pants [and] had [A.R.] touch me. At this time I asked [A.R.] if she was ok with this and she said nothing then I moved [A.R.'s] leg and put my hand inside her pants. After a couple minutes of this [A.R.] said stop [and] I stopped. At no time did [A.R.] ever give any indication of not wanting to do

---

1. The State charged Defendant with violating Section 566.067 RSMo (2000) which provides, in relevant part, that "[a] person commits the crime of child molestation in the first degree if he subjects another person who is less than twelve years of age to sexual con-

tact." Sexual contact is defined in Section 566.010 as "touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person."

any of this. [A.R.] then jumped up and told my son what happened.

The officer likewise testified that Defendant made a detailed videotaped confession which the State played, in its nearly one-hour entirety, for the jury in the present case. In the videotaped confession, Defendant described how he approached A.R. as she lay on his couch, positioned himself next to her, rubbed A.R.'s back, stomach and chest, touched A.R.'s legs, unzipped his pants, placed A.R.'s hand on his "crotch," spread A.R.'s legs, rubbed both outside and inside A.R.'s underwear and ultimately inserted his fingers into her vagina. On the videotape, Defendant was asked to and did repeatedly describe the events involving A.R.

At the close of evidence, the trial court submitted the case to the jury using a verdict director containing the following language:

> First, that on February 13, 2003 in the County of St. Louis, State of Missouri, the defendant touched the breast of J.B. through the clothing.

After deliberations, the jury found Defendant guilty of molesting J.B. and sentenced Defendant to eight years in the Missouri Department of Corrections. This appeal followed.

### Standard of Review

We will reverse a trial court's decision to admit or exclude evidence only upon finding an abuse of discretion. *State v. Simmons*, 944 S.W.2d 165, 178 (Mo. banc 1997). The trial court has the discretion to admit evidence of prior crimes because it can best determine whether the relevance of such evidence is outweighed by its prejudice. *State v. Helm*, 892 S.W.2d 743, 744 (Mo.App. E.D.1994). However, when a trial court abuses its discretion, we will not hesitate to overturn its ruling. *Id.*

### Discussion

In his sole point on appeal, Defendant asserts that the trial court abused its discretion in overruling his objections to the introduction of evidence detailing his prior statutory sodomy conviction involving a different victim because the admitted evidence was improper propensity evidence and its prejudicial effect grossly outweighed any probative value. In response, the State argues that the evidence was admissible because it was relevant to prove Defendant's intent and absence of mistake or accident in the present case.

Generally, "trial courts should be wary of evidence of other crimes due to the highly prejudicial character of such evidence." *Helm*, 892 S.W.2d at 745 (citation omitted). As the Supreme Court held in *State v. Burns*, 978 S.W.2d 759, 761 (Mo. banc 1998) "showing the defendant's propensity to commit a given crime is not a proper purpose for admitting evidence, because such evidence 'may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged.'" (citation omitted). Accordingly, "evidence of other crimes should be utilized only when there is strict necessity." *Helm*, 892 S.W.2d at 745 (citation omitted).

Proof that a defendant committed a separate and distinct crime is not admissible unless that proof has a legitimate tendency to establish the defendant's guilt of the charged offense. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). If the evidence of the prior crime is both legally and logically relevant such evidence may be admissible. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.* Like-

wise, evidence is logically relevant if it has a legitimate tendency to directly establish the accused's guilt. *Id.*

█ Evidence has a legitimate tendency to prove that the accused committed the crime charged when it "tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; [or] (5) the identity of the person charged with the commission of the crime on trial." *Sladek*, 835 S.W.2d at 311. We presume that evidence of prior crimes is prejudicial if it is inadmissible under any of these exceptions. *State v. Lancaster*, 954 S.W.2d 27, 29 (Mo.App. E.D.1997).

We first consider whether in-court testimony of A.R. and the investigating police officer as well as Defendant's written and videotaped confessions detailing how he sodomized A.R. in 1999 had some legitimate tendency to establish that Defendant was guilty of touching J.B.'s breast on February 13, 2003. We have reviewed the in-court testimony and Defendant's videotaped and written confessions and all present compelling testimony that Defendant sodomized A.R. three and one-half years before the incident involving J.B. Essentially, the in-court testimony and Defendant's videotaped and written confessions admitting his wrongdoing with A.R. prove, at most, that Defendant had a propensity to engage in sexual conduct with adolescent girls who were family friends.

The State contends that Defendant's case fits an exception to the general prohibition against the use of propensity evidence. Namely, the State alleges that intent and absence of mistake or accident were issues in the case because J.B.'s account of what she experienced at the hands of Defendant is susceptible to an innocent explanation. In short, the State argues that evidence of Defendant sodomizing A.R. years before was introduced to show that Defendant acted with criminal intent and his actions were not an inadvertent mistake or accident.

Contrary to the State's position, "the prosecution should not automatically assume that whenever knowledge or intent is an element of the crime, evidence of other crimes bearing on intent is automatically admissible." *State v. Dudley*, 912 S.W.2d 525, 529 (Mo.App. W.D.1995). Moreover, as the *Dudley* court held, "there is no reason to introduce prejudicial evidence where there is no actual controversy as to the defendant's knowledge or intent." *Id.* at 529–30.

█ Here, Defendant's intent (i.e., whether his conduct was an accident or mistake) to commit the act was not an issue in controversy. First, there was direct evidence that Defendant committed the charged act and that alone "ordinarily gives rise to the inference of the necessary *mens rea*." *State v. Conley*, 873 S.W.2d 233, 237 (Mo. banc 1994). Second, Defendant's position was not that he accidentally touched or innocently brushed J.B.'s breast or bra. Rather, Defendant denied all contact with J.B.'s breast or bra. To that end, Defendant put on no evidence and instead relied on a cross-examination of Officer Still, which established that J.B. had not complained that Defendant touched her breast or bra. In closing argument, Defendant's counsel argued repeatedly that Defendant never touched J.B.'s breast or bra. At no time did Defendant offer any evidence which attempted to explain his conduct as innocent or mistaken. Accordingly, A.R.'s testimony describing the prior crime, the nearly one-hour videotape describing the prior crime, the written confession describing the prior crime and police officer testimony regarding investigation of the prior crime were

not relevant to an issue in controversy in this case. *See Dudley,* 912 S.W.2d. at 529 (use of prior crime to establish intent error when defendant offers no evidence suggesting "innocent possession"); *Conley,* 873 S.W.2d at 237 (no other evidence is required to establish intent "unless the state has some reason to believe that the *defendant* will make intent or mistake or accident an issue...." (emphasis added)).

 Even assuming, *arguendo,* that the evidence of the prior crime involving A.R. was probative of intent (i.e., that it was logically relevant), admission of the evidence required a showing of legal relevance (i.e., that its probative value out-weighed prejudice), as well. The trial court has discretion to balance the probative value of evidence against its potential prejudicial effect on the jury. *Bernard,* 849 S.W.2d at 13. However, in reaching this determination, the trial court must carefully consider that "the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." *State v. Clover,* 924 S.W.2d 853, 856 (Mo. banc 1996) quoting *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1955).

As stated above, we have reviewed A.R.'s testimony as well as the videotaped and written confessions detailing how Defendant molested and sodomized A.R. It is obvious that this evidence was highly prejudicial. The evidence of the prior crime proffered by the State outweighed anything presented in support of the crime on trial. *See State v. Barriner,* 34 S.W.3d 139, 150–51 (Mo. banc 2000) (volume and graphic nature of propensity evidence as well as similarity of charged offense to improperly admitted evidence weighs in favor of reversal). The State literally tried the earlier crime to the jury in this case. Moreover, the evidence in this case was not overwhelming. The State's two main witnesses to the 2003 events, J.B. and Officer Still, contradicted each other. Officer Still testified that J.B. had not complained about Defendant touching her breast or bra and that he had not asked Defendant about such an allegation. It is quite obvious that the State used the seriousness and level of graphic detail characterizing the earlier conviction to bolster the relative weakness of this case. Whatever limited probative value might be argued was clearly outweighed by the evident prejudice. Accordingly, we reverse and remand.

### Conclusion

The judgment of the trial court is reversed and this cause is remanded for a new trial.

MARY K. HOFF, P.J., Concurs.

CLIFFORD H. AHRENS, J., Dissents.

CLIFFORD H. AHRENS, Judge, dissenting.

I respectfully dissent. I believe that the evidence of defendant's prior conviction was relevant and admissible to prove defendant's intent and absence of mistake or accident in the present case.

The majority correctly notes that evidence of a prior conviction is not automatically admissible when knowledge or intent is an element of the crime. *State v. Dudley,* 912 S.W.2d 525, 529 (Mo.App.1995). For intent, mistake or accident to serve as the basis for admission of evidence of an uncharged crime, those must be legitimate issues in the case. *State v. Conley,* 873 S.W.2d 233, 237 (Mo. banc 1994).

The majority concludes that defendant's intent to commit the act was not an issue in controversy in the present case. I disagree. The majority relies upon *Conley* for the proposition that where there is

direct evidence, as there was in the present case, that defendant committed the charged act, it will give rise to an inference of the necessary intent, and no other evidence is required to establish that element of the crime. 873 S.W.2d at 237. However, the court in *Conley* continued to find that where the state has some reason to believe the defendant will make intent, mistake or accident an issue, other evidence may be required. *Id.*

In the present case, defendant's written statement was admitted, without objection, at trial. Defendant stated that while he was playing with the dog with J.B., he "unknowingly and unintentionally" touched her on the "rear end" while hugging her, and his hand "slipped a little bit below her belt line" while they were playing. He apologized for any misunderstanding.

Defendant argues that his position was not that he accidentally touched J.B.'s breast, the conduct for which he was on trial, but that he did not have any contact with her breast. Based upon defendant's statement, the State could reasonably believe that he would make intent an issue in the case. Defendant stated that he unknowingly and unintentionally had physical contact with J.B.'s "rear end." He acknowledged that while they were playing his hand also "slipped a little bit below her belt line." Defendant apologized for "any misunderstanding" that arose from the incident. His statement regarding his physical contact with J.B. was made in the context of accidental contact while playing with the dog with J.B. It is a reasonable inference from this statement that if the jury found he had contact with J.B.'s breast, it was accidental. Therefore, defendant's intent was at issue in the case, and the admission of his prior conviction for statutory sodomy was relevant and admissible to prove his intent in the present case.

The majority notes that even assuming evidence of defendant's prior conviction was relevant, the evident prejudice outweighed any probative value. While I recognize the prejudicial nature of the evidence presented of defendant's prior conviction, I also believe this evidence was relevant to prove defendant's intent in the present case. The trial court is in a superior position to weigh any prejudicial effect of the evidence against its probative value. *State v. Kaiser*, 139 S.W.3d 545, 558 (Mo.App.2004). The ruling of the trial court in this respect must be so clearly against the logic of the circumstances and so arbitrary or unreasonable as to shock our sense of justice and indicated a lack of careful consideration. *Id.* I do not believe the trial court's decision to admit the evidence of defendant's prior conviction constituted such an abuse of discretion.

I would affirm the judgment of the trial court.