293 S.W.3d 116 (2009)
In the Interest of J.A.H.
No. ED 92114.
Missouri Court of Appeals, Eastern District, Division Three.
September 15, 2009.
*117 Patricia Harrison, Brad Williams, Rule 13, Laura Stobie, Rule 13, Latasha Barnes, Rule 13, Saint Louis, MO, for Appellant.
Laura M. Sexton, Union, for Respondent.

OPINION
GLENN A. NORTON, Presiding Judge.
J.A.H. ("Juvenile") appeals the judgment of the juvenile court finding him to have committed the delinquent act of statutory sodomy in the first degree in violation of section 566.062 RSMo 2000,[1] ordering Juvenile into the legal and physical custody of the Division of Youth Services and ordering Juvenile to register as a Missouri state sex offender. We reverse.

I. BACKGROUND
On January 1, 2006, a petition was filed against Juvenile asserting three criminal counts for acts occurring sometime between December 1, 2002, and September 1, 2004. Almost three years later, on August 15, 2008, an amended petition was filed against Juvenile. The amended petition asserted only one count of statutory sodomy in the first degree, but the charge was based on two separate acts allegedly committed against Juvenile's cousin, T.H. According to the allegations in the petition, each act occurred sometime during the summer of 2003 or the summer of 2004. Specifically, Count I of the amended petition alleged,
During the summer of 2003 or summer of 2004, in the County of Franklin, State of Missouri, the juvenile, [J.H.], had deviate sexual intercourse with T.H., a person less than 14 years of age, to wit: the juvenile put his genitals in the mouth of T.H. and on a different occasion the juvenile touched the genitals of T.H. with a sponge while showering together. Said act would constitute the felony of statutory sodomy in the first degree in violation of Section 566.062 RSMo., were it committed by an adult.[2]
In the summer of 2003, Juvenile was eleven years old and T.H. was eight years old.
In June 2008, Juvenile, who at the time was a resident of Kentucky, was brought into the custody of the Franklin County Juvenile Justice Center. On September 22 and 30, 2008, over two and a half years after the filing of the original petition, a hearing on the petition was held. At the time of the hearing, Juvenile was sixteen years old. Both T.H. and Juvenile testified at the hearing. The following evidence was adduced.
Between 2002 and 2004, Juvenile was living with his aunt and uncle. T.H. is also the nephew of aunt and uncle, and he often visited the house to play with Juvenile. T.H. testified that one occasion, he and Juvenile took a shower together because *118 they were running late for a family function. T.H. claims that during this shower, Juvenile took a hard sponge and rubbed it back and forth against T.H.'s penis. Juvenile did not say anything to T.H. at the time and stopped when T.H. asked him to. T.H. could not recall what year this happened, but thought he was five or six years old at the time.[3]
T.H. also testified that he and Juvenile frequently played "doctor" or "hospital." T.H. was the patient and would lie on top of Juvenile's bunk bed while Juvenile would push on his chest (mimicking CPR) and would pretend to give him shots. T.H. testified that on one occasion Juvenile got on top of T.H. and put his penis in T.H.'s mouth. According to T.H., Juvenile then got off the bunk bed and shook his fist at T.H. saying, "I'll hurt you if you tell anyone."
T.H. was unable to recall many details about the incident. For example T.H. was unable to remember what Juvenile was wearing. T.H. could not recall for how long Juvenile's penis was in his mouth. T.H. was unable to describe where Juvenile's penis touched his mouth. T.H. also could not remember how old he was when this alleged incident took place, but he guessed he was "five or six, maybe seven."[4]
T.H. claims that after each incident he attempted to tell aunt what happened but she said, "no tattle telling." T.H. testified that later, when he told aunt again what had happened, she talked to T.H.'s father and grandmother, and the three adults told T.H. not to tell his mother. At the hearing, aunt testified that she did not recall T.H. telling her that Juvenile put his penis in T.H.'s mouth; if he had, she would have found out exactly what happened and dealt with the situation appropriately. Aunt testified that the first she knew about the allegation was when she was contacted by the Franklin County investigator. At that point, she questioned Juvenile and talked to T.H.'s parents, who told her that they believed nothing had happened. However, the evidence also showed that the first report of acts of abuse committed by Juvenile was the report filed in Franklin County by T.H.'s mother.
At the time the report of abuse was made in Franklin County, Juvenile was residing in Woodbine, Kentucky. In response to the report filed by T.H.'s mother, Juvenile was interviewed by Kentucky police. An audiocassette copy of the interview was forwarded to Franklin County police in October 2005. During the interview, Juvenile denied that he committed the acts alleged by T.H.
T.H. was interviewed in June 2005, by Jennifer Hale, a forensic interviewer for the Child Advocacy Center. A video recording of this interview was admitted into evidence over Juvenile's objection.[5]
At the September 2008 hearing before the juvenile court, Juvenile continued to deny that he committed the acts alleged by T.H. At the close of evidence, the court stated to Juvenile on the record, "I'm convinced *119 beyond a reasonable doubt that you did the actions set forth in the amended petition in this matter." The court held a dispositional hearing, at which Juvenile requested that he be allowed to live either with his aunt or uncle in Missouri, or with his mother in Kentucky, under electronic monitoring. Ultimately, the court entered its order and judgment finding Juvenile to have committed the delinquent act of statutory sodomy in the first degree, ordering Juvenile into the legal and physical custody of the Division of Youth Services and ordering Juvenile to register as a Missouri state sex offender. Juvenile appeals.

II. DISCUSSION
Juvenile asserts four points on appeal. In Juvenile's first point on appeal, he argues that the juvenile court erred in finding sufficient evidence that he committed the delinquent act of statutory sodomy in the first degree. Because we find Juvenile's first point on appeal to be dispositive, we decline to address the remaining three points.

A. Standard of Review
We review juvenile proceedings under the same standard as any other court-tried case. C.L.B. v. Juvenile Officer, 22 S.W.3d 233, 235-36 (Mo.App. W.D.2000). We will not disturb the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). "[I]n determining the sufficiency of the evidence, we view the evidence and reasonable inferences which may be drawn therefrom in the light most favorable to the verdict and we ignore all evidence and inferences to the contrary." C.L.B., 22 S.W.3d at 236.

B. Allegation of Statutory Sodomy
Juvenile was charged with committing the delinquent act of statutory sodomy in the first degree under section 566.062.1. "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Section 566.062.1. Deviate sexual intercourse is defined as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person ... done for the purpose of arousing or gratifying the sexual desire of any person." Section 566.010(1) (emphasis added).

1. Juvenile Officer was Required to Prove the Requisite Mens Rea Beyond a Reasonable Doubt
In its judgment, the juvenile court found that the Juvenile Officer proved beyond a reasonable doubt that Juvenile committed the acts alleged in the amended petition. Although it is clear that the court believed T.H.'s testimony that Juvenile rubbed T.H.'s penis with a sponge in the shower, and on another occasion, touched his penis to T.H.'s mouth, the judgment makes no specific finding that Juvenile committed these acts for the purpose of sexual arousal or gratification.[6] On appeal, Juvenile argues that the judgment of the juvenile court finding that Juvenile committed the act of statutory sodomy in the first degree was not supported by the evidence because the Juvenile Officer failed to prove that the acts alleged in the petition were committed by Juvenile for the purpose of sexual arousal or gratification. We agree.
*120 Juvenile Officer argues that because Juvenile denied any sort of contact occurred at all, intent was not at issue in this case, and therefore no proof of intent was required.[7] Regardless, however, of whether Juvenile admitted or denied the acts alleged, Juvenile Officer has the burden of proving each and every element of a criminal offense beyond a reasonable doubt. In the Interest of V.L.P., 947 S.W.2d 546, 547 (Mo.App. W.D.1997). Here, intent to cause sexual arousal or gratification is a specific element of the crime charged. Section 566.010(1). Thus, there must be some evidence from which the juvenile court could find beyond a reasonable doubt that Juvenile intended to do the act for the purposes of sexual arousal or gratification. Without such evidence, we must find that Juvenile Officer failed to meet its burden of proof on this element.

2. Juvenile Officer Failed to Prove that Juvenile Committed the Acts Alleged in the Petition for the Purpose of Sexual Arousal or Gratification
An actor's mental state will often rest on circumstantial evidence and permissible inferences. State v. Morton, 229 S.W.3d 626, 630 (Mo.App. S.D.2007). The determination of whether a touching is for the purpose of arousing or gratifying sexual desire is dependent upon the circumstances of the particular case. State v. Willis, 239 S.W.3d 198, 201 (Mo.App. S.D. 2007).
Although the Juvenile Officer's amended petition asserted only one count of statutory sodomy in the first degree, the count alleged two distinct acts: an incident that occurred when Juvenile and T.H. were showering together and another when Juvenile and T.H. were playing "doctor" or "hospital." With respect to the shower incident, we find absolutely no evidence from which a finder of fact could infer that Juvenile had the requisite intent. The evidence showed that when Juvenile was eight or nine and T.H. was five or six, the two boys took a shower together because they were running late for a family function. During this shower, Juvenile took a hard sponge and rubbed it back and forth against T.H.'s penis. Juvenile did not say anything to T.H. at the time. Moreover, when T.H. asked Juvenile to stop, he did so. The circumstances of this touching fail to give rise to the slightest inference that Juvenile touched T.H.'s penis for the purpose of sexual arousal or gratification. There is absolutely no evidence that distinguishes this act from the type of touching that the wording of the statutes intends to exclude.
*121 We now turn to the allegation that Juvenile touched his penis to T.H.'s mouth. With respect to this touching, the evidence showed that on one occasion when Juvenile and T.H. played "doctor," Juvenile got on top of T.H. and put his penis in T.H.'s mouth. The details of this touching are vague. T.H. could not recall exactly where Juvenile's penis hit his mouth. Specifically, the following questions were posed to T.H. at trial:
Q: And where did his penis hit your mouth? Did it hit your lips, your teeth, somewhere else?
A: Nowhere, as far as I know.
Q: Did he actually put it in your mouth?
A: Yeah.
T.H. was also unable to estimate how long Juvenile's penis touched his mouth. However, T.H. did recall that at some point Juvenile got off the bunk bed and shook his fist at T.H. saying, "I'll hurt you if you tell anyone."
We find that the evidence fails to support a finding that Juvenile touched his genitals to T.H.'s mouth for the purpose of sexual arousal or gratification. There is no evidence that Juvenile used the game of doctor for his or T.H.'s sexual arousal or gratification. For example, there was no evidence that Juvenile's penis was erect. There was no evidence that Juvenile's penis was in T.H.'s mouth for any significant duration of time. There was no evidence of a sexual statement made by Juvenile to T.H. Juvenile Officer argues that Juvenile's threat to hurt T.H. if he told anyone is sufficient evidence of the requisite intent; however, we disagree. Statutory sodomy in the first degree requires more than knowledge that the act is wrong; the statutes require proof that the act was done with the intent to cause sexual arousal or gratification. Sections 566.062.1 and 566.010(1). Thus, while Juvenile's threat may show that he knew what he was doing was wrong, this is not the mens rea required under the statutes.
Juvenile Officer also argues that direct evidence of the act supports an inference that Juvenile acted with the requisite mens rea. In making his argument, the Juvenile Officer cites to State v. McMeans, 201 S.W.3d 117 (Mo.App. S.D.2006). In McMeans, a videotape was introduced into evidence which showed the defendant changing the diapers of two children. 201 S.W.3d at 119. The videotape showed that when the defendant changed the 22-month old victim's diaper,
she wiped her up and down slowly and carefully three times, then wiggled around her genital area with the wipe. She tossed the wipe and wiggled with her finger. She went over the area with the wipe slowly again, and then appeared to poke with her finger, causing [the victim] to flinch and kick her legs.
Id. at 121. The videotape also showed that the defendant's conduct in changing the victim's diaper was quite different from her conduct when changing another child's diaper. Id.
On appeal, the defendant argued that the state failed to prove that her conduct in changing the victim's diaper was done for the purpose of sexual arousal or gratification because the touching of "the genital area of a 22-month old child, who is incapable of sexual arousal, cannot be interpreted as intended to arouse sexual desire." Id. at 120. In affirming the judgment, the Court found that there was sufficient circumstantial evidence from which one could infer that the defendant's manipulation of the victim's genital area was not an innocent touching. Id. at 121. In so finding, the Court noted that, "[w]hether a 22-month old girl is or is not capable of sexual arousal does not determine the intent of a *122 person who manipulates the child's vaginal area for no other discernible reason." Id.
Relying on McMeans, Juvenile Officer claims that "there is no other discernible reason for [Juvenile] to have put his penis in T.H.'s mouth other than for sexual arousal or gratification." However, under the circumstances of this case, we disagree. Specifically, we find that the ages of Juvenile and T.H. at the time of the incident[8] are relevant to a determination of intent. For this reason, we are not persuaded by Juvenile Officer's argument that intent is inferred from the act alone.
We recognize that, in certain circumstances, McMeans and other cases which have found that an adult's actions toward a child were done for "no other discernible reason" but for the purpose of sexual arousal or gratification may be applicable in the juvenile context. We find it difficult, however, to apply McMeans in this case, where Juvenile was eight or nine and T.H. was five, six or seven, and there was no evidence regarding the Juvenile's behavioral development or knowledge of sexual subject matter. Without such evidence or more detailed information regarding the circumstances of the touchings, we are unwilling to find that an eight or nine year old touches his penis to the mouth of a five or six year old for no discernible reason other than sexual arousal or gratification.
In conclusion, we find that the juvenile court erred in entering its judgment adjudicating Juvenile delinquent on the grounds that Juvenile committed the act of statutory sodomy in the first degree because there was insufficient evidence from which the court could find that Juvenile committed the acts alleged for the purpose of sexual arousal or gratification. Point one is granted.

III. CONCLUSION
The judgment of the juvenile court is reversed and the Juvenile is ordered discharged from the effects of that disposition.
MARY K. HOFF and LAWRENCE E. MOONEY, JJ., concur.
NOTES
[1] All statutory references are to RSMo 2000.
[2] While the Juvenile did not raise this issue on appeal, we note that the charge asserted in the amended petition was defective because, although it asserted only one count, it set forth two distinct acts occurring on two separate occasions. It was improper to base one count of statutory sodomy in the first degree on two independent acts.
[3] We note that T.H.'s testimony that he was "five or six" places the incident as occurring in 2000 or 2001, which is outside of the time period alleged in the petition, and which is at a time when Juvenile would have been eight or nine.
[4] Again, T.H.'s testimony places this event as occurring outside of the time period alleged in the petition, and which is at a time when Juvenile would have been eight, nine or ten.
[5] Juvenile has filed a motion to compel the production of this videotape interview, which was taken with the case. Juvenile's motion is denied.
[6] We fail to find in the record or in the judgment any acknowledgement by the court that the statute requires that the Juvenile Officer prove beyond a reasonable doubt the specific element of intent to cause sexual arousal or gratification. Thus, it is unclear to this Court whether the juvenile court considered this issue in rendering its judgment.
[7] Juvenile Officer cites two cases in support of his position: State v. Nelson, 178 S.W.3d 638 (Mo.App. E.D.2005) and State v. Conley, 873 S.W.2d 233 (Mo. banc 1994). We find that both of these cases are inapposite. In Nelson, this Court cited to Conley for the proposition that where there is direct evidence that the defendant committed the act charged, the proof of the act ordinarily gives rise to an inference of the necessary mens rea. 178 S.W.3d at 643. Thus, the Juvenile Officer argues that "no other evidence is required to establish intent unless the state has some reason to believe that the defendant will make intent or mistake or accident an issue." Citing Conley, 873 S.W.2d at 237. The statements in Conley and Nelson, however, are made in the context of the admissibility of proof of other crimes. Conley, 873 S.W.2d at 236-37; Nelson, 178 S.W.3d at 642-43. For example, in Nelson, this Court found that evidence that the defendant committed prior crimes involving sexual misconduct was inadmissible to prove intent because the defendant had not made intent an issue in controversy in the case. 178 S.W.3d at 643. We recognize that direct evidence of an illicit act may give rise to the inference of the necessary mens rea in certain juvenile cases. However, we find that the limited evidence and the circumstances of this case (including the ages of Juvenile and T.H.) fail to support such an inference here.
[8] As previously mentioned, the petition alleged that the incidents occurred during the summer of 2003 or 2004, at which time the Juvenile was eleven or twelve and T.H. was eight or nine. T.H., however, placed the shower incident as occurring when he was five or six, and the incident that took place during a game of doctor as occurring when he was five, six or seven. We find no evidence in the record supporting the allegation that the acts occurred in 2003 or 2004.