STATE of Missouri, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS, Appellant,

v.

SKC ELECTRIC, INC., d/b/a South Kansas City Electric, et al., Respondents.

No. 79219.

Supreme Court of Missouri, En Banc.

Jan. 21, 1997.

**803**

Leonard Singer, Steven Griswald, Kansas City, for Respondents.

Ronald C. Gladney, Clayton, Missouri Labor Council and Missouri State Building and Construction Trades Council, for Amicus.

COVINGTON, Judge.

The State of Missouri through the Division of Labor Standards of the Missouri Department of Labor and Industrial Relations (the department) sued the defendants, SKC Electric, Inc., Midwest Titan, the American Insurance Company, and the Kansas City Missouri School District, alleging that SKC did not pay prevailing wages to its employees on a public construction project, as required by the prevailing wage law, sections 290.210 to 290.340, RSMo 1994.[1] The issues are whether the department is authorized to sue for back wages owed to the employees and whether the department is authorized to sue for penalties owed to the school district. The department premises its rights on section 290.240.1, which provides that the department "shall institute actions for penalties ... prescribed [by the prevailing wage law] and shall enforce generally the provisions [of the law]." The trial court sustained SKC's motion for summary judgment and overruled the department's motion for partial summary judgment. After opinion by the Missouri Court of Appeals, Western District, this Court granted transfer. The judgment of the trial court is affirmed in part and reversed and remanded in part.

■ The first question is whether the department is authorized to sue for back wages on behalf of the workers. The department concedes that the act does not specifically provide it with authority to sue for unpaid wages; the department relies upon the provision that it is required to "enforce generally" the act. § 290.240.1. By entrusting general enforcement to it, the department contends, the general assembly empowered the department to bring an action to require payment of back wages to underpaid workers on the New Central High School project.

Jeremiah W. (Jay) Nixon, Attorney General, John R. Munich, Michael Pritchett, Assistant Attorneys General, Jefferson City, for Appellant.

1. All statutory references are to RSMo 1994, unless otherwise indicated.

This Court finds the department's argument unpersuasive. First, to read an implicit grant of authority into the statute would require this Court to engraft upon the statute words or provisions that do not appear there. Second, to find implied authorization in a statute, the power to be implied must be practically indispensable and essential in order to execute the power actually conferred. Norman J. Singer, Sutherland Statutes and Statutory Construction § 55.03 (5th ed.1992); *see also Missouri Pub. Serv. Co. v. Platte–Clay Elec. Coop.*, 407 S.W.2d 883, 891 (Mo. 1966). There has been no showing, in this case or in any case since the passage of the law in 1957, that the power that the department seeks to have implied is practically indispensable or essential.

The department further claims that the authority to sue for back wages under its general powers of section 290.240.1 is necessary to render effective its powers under the prevailing wage law. The department is mistaken. The general assembly gave the department numerous other avenues to exercise its power under the prevailing wage law. *See generally* §§ 290.250 through 290.335. The general assembly conferred upon the individual worker the authority to sue for back wages and provided the worker with significant incentives to enforce the law on his or her own behalf by allowing double damages and attorney's fees. § 290.300. The general assembly did not intend for the department to act as a duplicative enforcement agent in wage disputes after a public construction project has been completed. Since the department has other ways to exercise its powers under the prevailing wage law, and the workers have adequate means to enforce their rights for back wages, the department's right to sue for back wages on behalf of these workers is not implied by the general provisions of section 290.240.1.

■ In an alternative claim under purported authority of section 290.240.1, the department sought to compel the school district to enforce its rights as an obligee on the performance bond that Midwest Titan, the contractor, obtained from the American Insurance Company. The department's claim in this respect is likewise without merit.

■ The second question is whether the general assembly authorized the department to institute actions for penalties. The prevailing wage law provides that a contractor shall forfeit to the contracting public entity, in this case the school district, ten dollars for each worker paid less than the prevailing wage, for every day that the worker was paid less than the prevailing wage. § 290.250. The general assembly conferred upon the contracting public entity the responsibility to withhold any amounts owed to it by the contractor for violations of the law. *Id.* This provision also expressly permits recovery of these penalties by the contractor, who must pay them to the public entity, in an action against the subcontractor who violated the law. *Id.* The department asserts that the general assembly explicitly conferred upon it the right to institute an action for penalties owed to the school district by the other defendants, relying upon the language "shall institute actions for penalties herein prescribed."

This Court agrees that the department is authorized to institute actions for penalties pursuant to the clear language of section 290.240.1. In section 290.240.1, the power to collect penalties is express. The statute clearly provides that the department has authority to sue to enforce penalties prescribed in sections 290.210 to 290.340. Section 290.250 comes within the authorization.

■ The respondents claim that section 290.250, the civil penalty provision, was enacted twelve years after section 290.240; therefore, the general assembly did not intend to authorize the department to institute actions for penalties. The contention is without statutory basis. Section 290.240 specifically refers by inclusion to section 290.250. Furthermore, in the same 1969 law that added the authority for penalties in section 290.250, the general assembly reenacted the authority of the department to "institute actions for penalties herein prescribed."

§ 290.240.1, as enacted in S.B. 142, 1969 Mo. Laws 404–05. The principle that statutes should be construed harmoniously when they relate to the same subject matter is all the more compelling when the statutes are passed in the same legislative session. *State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992). Not only were the statutes in this case passed in the same legislative session, but as was the case in *Knapp,* "both statutes were passed ... on the same day, and as part of the same act...." *Id.* The department, therefore, has authority to institute actions for penalties under the prevailing wage law.

The respondents also contend that the authority to sue under section 290.250 is not practically indispensable and essential to the department to enforce the prevailing wage law. This standard, however, applies only when the authority claimed is implied authority. *State ex rel. Ferguson v. Donnell,* 349 Mo. 975, 163 S.W.2d 940, 943–44 (1942). The authority contained in section 290.240.1 is express. There is no need, therefore, to analyze the importance or indispensability of the power.

In summary, the department is not authorized to sue for back wages. The department is authorized, however, to institute actions for penalties. The judgment of the trial court is affirmed in part and reversed and remanded in part for further proceedings with respect to penalties, consistent with this opinion.