In re the Care and Treatment of Jackie
HOLTCAMP, a/k/a Jackie L. Holt-
camp, a/k/a David Lee, a/k/a Jack
Holtcamp, a/k/a Jackie D. Holtcamp,
a/k/a Louis Holtcamp, a/k/a Lee D.
Holtcamp, a/k/a Davi Lee, a/k/a Jackie
Hallcamp, a/k/a Jack Louis Holtcamp,
Appellant,

v.

STATE of Missouri, Respondent.

No. SC 88914.

Supreme Court of Missouri,
En Banc.

July 31, 2008.

Emmett D. Queener, Office of the Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James R. Layton, State Solicitor, Jefferson City, for Respondent.

## PER CURIAM.[1]

### Overview

Jackie Holtcamp pleaded guilty to attempted forcible rape, served his sentence, and was released. Nearly 14 years after his release, Holtcamp pleaded guilty to second-degree statutory sodomy. Before he completed his sodomy offense imprisonment, the state filed a petition to have Holtcamp treated under the sexually violent predator law.[2] The petition alleged Holtcamp's attempted forcible rape conviction as the predicate offense. The sodomy offense is not a predicate offense under the sexually violent predator law.

Holtcamp argues that the probate division is without jurisdiction to commit him under the sexually violent predator law because he is not currently incarcerated for a sexually violent offense. The probate division has jurisdiction. Its judgment committing Holtcamp to the department of mental health as a sexually violent predator is affirmed.

### Facts

The parties agree on the pertinent facts. In 1983, Holtcamp pleaded guilty to attempted forcible rape. He served his sentence and was released in 1985. In 1999, Holtcamp pleaded guilty to second-degree statutory sodomy. The imposition of sentence was suspended, and he was placed on five years' probation. In 2001, his probation was revoked, and he was incarcerated for the 1999 offense.

The State filed its petition to civilly commit Holtcamp under the sexually violent predator law five days before Holtcamp's scheduled release from prison. The petition alleged that Holtcamp qualified for commitment because of his 1983 attempted forcible rape conviction; that he would soon be released from a correctional center; and that he was a sexually violent predator.

Holtcamp filed a motion to dismiss. He noted he was not, at that time, incarcerated for a sexually violent offense; therefore, the probate division did not have jurisdiction to commit him under the sexually violent predator law. The court overruled Holtcamp's motion to dismiss and ordered that he be committed for control, care, and treatment until he was rendered safe to be at large.

Holtcamp appeals.[3]

### Missouri's sexually violent predator law

The Missouri legislature created a mechanism to civilly commit sexually violent predators; i.e., "any person who suffers from a mental abnormality [that] makes the person more likely than not to engage

---

1. This Court transferred this case after an opinion by the Court of Appeals, Western District, authored by the Honorable Victor C. Howard. Portions of that opinion are used without further attribution. This Court has jurisdiction. *Mo. Const. article V, section 10.*

2. Sections 632.480 to 632.513, RSMo 2000, and, where since amended, RSMo Supp. 2006.

3. Holtcamp stipulates that he is a sexually violent predator and only contests the jurisdiction issue.

in predatory acts of sexual violence if not confined in a secure facility and who . . . [h]as pled guilty . . . of a sexually violent offense." *Section 632.480(5)(a)*. For purposes of this law, attempted forcible rape is a sexually violent offense; second-degree statutory sodomy is not. *Section 632.480(4)*.

If the department of corrections or department of mental health believes a person in its custody is a sexually violent predator, then the agency may forward written notice to the attorney general and a multidisciplinary team to determine if the subject is a sexually violent predator. *Section 632.483*. The notice is provided within 360 days prior to the anticipated release from a correctional center of the department of corrections of a person who has been convicted of a sexually violent offense. *Section 632.483.1(1)*. The multidisciplinary team is to determine if the person meets the definition of a "sexually violent predator." *Section 632.483.4*. The team's assessment is provided to the attorney general and to the prosecutors' review committee. *Id.*

The five-person prosecutors' review committee is appointed by the prosecutors coordinators training council. It also determines if the person meets the definition of a "sexually violent predator." *Section 632.483.5*. If the prosecutors' review committee determines by majority vote that the person meets the definition of a "sexually violent predator," the attorney general may file a petition in the probate division of the circuit court in which the person was convicted alleging that the person is a sexually violent predator. *Section 632.486.*[4]

### Standard of review

Holtcamp presents a question of law: whether the court had jurisdiction to determine if he was a sexually violent predator. Because the facts are uncontested and the only question at issue is the interpretation of a statute, review is de novo. *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 22 (Mo. banc 2003); *see also In re Care and Treatment of Coffman*, 225 S.W.3d 439, 442 (Mo. banc 2007).

### The statute is ambiguous

Section 632.483.1(1) provides that the department of corrections is to give notice to the attorney general "[w]ithin three hundred sixty days prior to the anticipated release . . . of a person who has been convicted of a sexually violent offense." The State argues a plain reading of this statute permits proceedings against any inmate convicted of a predicate offense, regardless of when the offense occurred, who will soon be released from the State's custody. Holtcamp argues that, in the context of all the sexually violent predator law provisions, the predicate offense must be the one the inmate is currently serving.

Holtcamp provides a reasonable interpretation of the statute but no compelling justification for construing the statute narrowly. Similarly, the State's interpretation is reasonable yet divines more from the statute than is apparent. Because the language of the statute is ambiguous—its plain language does not answer the current dispute as to its meaning—the Court turns to established rules of construction.

### The sexually violent predator law is remedial

The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. *In re Care and Treatment of*

---

**4.** After the petition's filing, the sexually violent predator law provides additional trial procedures and terms of confinement not at issue in this appeal.

*Norton,* 123 S.W.3d 170, 172 (Mo. banc 2003).

 The sexually violent predator law does not impose punishment, but rather is rehabilitative. The sexually violent predators' confinement is for the purpose of holding the person until his mental abnormality no longer causes him to be a threat to others, and he is permitted to be released on a showing that he is no longer dangerous. *Murrell v. State,* 215 S.W.3d 96, 114 (Mo. banc 2007). The law seeks, above all else, the protection of society against a particularly noxious threat: sexually violent predators.˙ *See generally* Laura Barnickol, *Missouri's Sexually Violent Predator Law: Treatment or Punishment,* 4 Wash. U. J.L and Pol'y 321, 322 (2000).

 This Court gives broad effect to a statute's language to effectuate the purpose of the legislature. *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 341 (Mo. banc 1991). Where the statute is remedial, it should be construed so as to meet the cases that are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, provided such interpretation is not inconsistent with the language used, resolving all reasonable doubts in favor of applicability of the statute to the particular case. *State ex rel. LeFevre v. Stubbs,* 642 S.W.2d 103, 106 (Mo. banc 1982).

### The current confinement need not be for a sexually violent offense

 Holtcamp argues that the statute is unambiguous and does not permit the proceedings to begin while he is incarcerated for a non-sexually violent offense. First, he compares Missouri's law to several other jurisdictions applying their own sexually violent predator laws. Massachusetts, Iowa, Florida, Arizona, and New Jersey have all reached the current issue and disagree on how to proceed. Massachu-

setts and Iowa require that the subject be currently incarcerated for a sexually violent offense. *See Commonwealth v. McLeod,* 437 Mass. 286, 771 N.E.2d 142, 147 (2002); *In re Detention of Gonzales,* 658 N.W.2d 102, 104–05 (Iowa 2003). Florida, Arizona, and New Jersey do not require that the suspected predator be presently confined for a sexually violent offense. *See Hale v. State,* 891 So.2d 517, 520–21 (Fla.2004); *In re Detention of Wilber W.,* 203 Ariz. 301, 53 P.3d 1145, 1152 (2002) (vacated by *In re Detention of Wilber W.,* 204 Ariz. 200, 62 P.3d 126 (2003)); *In re Civil Commitment of P.Z.H.,* 377 N.J.Super. 458, 873 A.2d 595, 598 (2005).

Holtcamp emphasizes Massachusetts and Iowa law because, like Missouri, their laws do not expressly provide for civil commitment based on a sexually violent crime committed in another state. He accurately notes that Florida, Arizona, and New Jersey, unlike Missouri, have express provisions in their statutes allowing importation of the predicate sexually violent crime. *See Fla. Stat. Section 916.32(8)(g) (Supp.1998); Ariz.Rev.Stat. Section 36–3701(6)(d) (2005); N.J.Stat.Ann. Section 30:4–27.26(a) (1998).* Holtcamp also contends that the venue provisions of section 632.484 ensure that Missouri may not import sexually violent predicate offenses from other jurisdictions. These provisions state:

> [T]he attorney general may file a petition for detention and evaluation with the probate division of the court in which the person was convicted, or committed pursuant to chapter 552, RSMo, alleging the respondent may meet the definition of a sexually violent predator and should be detained for evaluation for a period of up to nine days.

*Section 632.484.1.*

No Missouri court, however, has determined if Missouri allows such an importa-

tion even in the absence of explicit statutory authorization. There is no reason, based on the plain language of the venue provisions, why the attorney general would be prohibited from filing a petition in the Missouri county where the subject was convicted for a non-sexually violent offense for which he is presently incarcerated. Likening Missouri to those states that may not import sexually violent predicate offenses committed in other states to commit the suspected predator is inappropriate because it is unclear, at best, if Missouri allows a similar importation.[5] At any rate, comparison of various other states' laws is not useful in resolving the current controversy.

Second, Holtcamp argues that the language of section 632.483.1(1) can be better understood by comparing it to what he considers the less ambiguous provisions of section 632.483.1(2) and (3). Provisions of the same statutory scheme must be read together and harmonized if possible. *State, Dept. of Labor and Indus. Relations, Div. of Labor Standards v. SKC Elec., Inc.*, 936 S.W.2d 802, 805 (Mo. banc 1997). Subdivision (1) states notice shall be forwarded to the attorney general "[w]ithin three hundred sixty days prior to the anticipated release from a correctional center . . . of a person who has been convicted of a sexually violent offense." *Section 632.483.1(1)*. Subdivisions (2) and (3) permit notice to be sent "[a]t any time prior to the release of a person who has been found not guilty by reason of mental disease or defect of a sexually violent offense" or "[a]t any time prior to the release of a person who was committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980." *Section*

*632.483.1(2), (3)*. Holtcamp argues that in this circumstance the commitment to the department of mental health is clearly the result of the current sexually violent offense. In light of the limitations in subdivisions (2) and (3), he believes subdivision (1) should be given similar effect.

Subdivisions (2) and (3) are subject to the same reading as subdivision (1). The plain language of the statute could mean that a person could be found not guilty by reason of mental disease or defect for a sexually violent offense, be released, commit another, unrelated crime, and then at any time prior to release for that second crime be subject to the sexually violent predator law. The statute is silent as to the meaning of the words "prior to the release." The plain language does not resolve if it refers to prior to the initial release or any release. It could fairly mean prior to the release of the commitment following the acquittal based on mental disease or defect or it could mean prior to the release for an unrelated crime. The statute is not as clear as Holtcamp posits.

Finally, Holtcamp argues that section 632.484.1(2) was designed to reach suspected sexually violent predators after they were released from imprisonment for a sexually violent offense. Subdivision (2) expired in 2001. *Section 632.484.6*. Holtcamp contends the sunset clause indicates clear legislative intent to prohibit the attorney general from filing a petition based on a sexually violent offense for which the defendant has already been released. He further argues that if the attorney general files a petition against Holtcamp, he must proceed under section 632.484.

Section 632.484 provides that:

---

**5.** The Court makes no statement concerning the permissibility of using a conviction for a sexually violent offense in another jurisdiction to proceed under Missouri's law. It is not a question directly before the Court. It is only discussed as dicta encouraged by Holtcamp's argument.

When the attorney general receives written notice from any law enforcement agency that a person, who has pled guilty to or been convicted of a sexually violent offense and who is not presently in the physical custody of an agency with jurisdiction:

(1) Has committed a recent overt act; or

(2) Has been in the custody of [the department of correction or department of mental health] within the preceding ten years and may meet the criteria of a sexually violent predator;

the attorney general may file a petition [against him].

*Section 632.484.1.* The attorney general may no longer file a petition against an individual merely because he has previously been convicted of a sexually violent offense, been in the custody of the State within the last ten years, and meets the definition of a sexually violent predator.

Section 632.484.1(2) seems, at first glance, to apply to Holtcamp more than section 632.483.1(1). Before it expired, it applied to individuals who have been released after incarceration for a sexually violent crime. Holtcamp contends the State is attempting to impermissibly resurrect the expired section 632.484.1(2), which the legislature expressly forbade by including the sunset clause in section 632.484.6.

Section 632.484.1(2) was not, however, applicable to Holtcamp's situation even before it expired. It circumscribes the authority of the attorney general to petition against people who have "pled guilty to or been convicted of a sexually violent offense and who is not presently in the physical custody of an agency with jurisdiction." *Section 632.484.1.* The statute employs the conjunctive "and"; therefore, each clause is examined separately. Holtcamp has pleaded guilty to a sexually violent offense; however, he is presently confined in the physical custody of the department of corrections. As noted, section 632.484.1(2) would not have been applicable to Holtcamp's situation even before it expired.

The ambiguous nature of this remedial law combined with the absence of explicit limitation on the nature of the confinement during which the notice may be forwarded indicates that notice may generally be filed while the person is confined for any offense. The law places the responsibility on the department of corrections and the attorney general to identify potential sexually violent predators and prevent their release into society. When an inmate appears to meet the definition of a "sexually violent predator," the department must notify the attorney general, who is then permitted to file a petition if it appears that the person may be a sexually violent predator. *Section 632.486.*

■ A sexually violent predator includes one who has been convicted of a sexually violent offense and suffers from a mental abnormality making that person more likely than not to engage in predatory acts of sexual violence. *Section 632.480(5).* The statutory language pertaining to mental abnormality focuses on the inmate's present mental condition, not the crime for which he is presently confined. *See Section 632.480(2).* It permits a petition to be filed when an inmate, previously convicted of a sexually violent crime, appears to be a sexually violent predator irrespective of the reason for his present incarceration.

■ The original conviction for a sexually violent offense acts as an anchor around which other pieces of evidence may be cemented. It is appropriate for the State to evaluate accumulated evidence of antisocial character traits along with the current mental state of an inmate and then initiate proceedings under the law when the person is incarcerated for an unrelated

crime. Additional evidence may include, as was the case here, sexually deviant acts that did not amount to a criminal conviction for a sexually violent offense and further psychological evaluation. The legislature did not intend that the State ignore this evidence.

### Conclusion

The judgment is affirmed.

STITH, C.J., PRICE, LIMBAUGH and RUSSELL, JJ., and PERIGO, Sp.J., concur.

TEITELMAN, J., dissents in separate opinion filed.

WOLFF, J., concurs in opinion of TEITELMAN, J.

BRECKENRIDGE, J., not participating.

RICHARD B. TEITELMAN, Judge, dissenting.

Irrespective of whether the sexually violent predator law is considered penal or remedial, individuals subject to involuntary, indefinite civil commitment under the law will be deprived of their liberty in nearly all meaningful ways. It is this indisputable impact on the fundamental interest in liberty, not this Court's characterization of the purpose of the law, which should guide the resolution of the statutory ambiguity in this case. Therefore, I respectfully dissent.

Section 632.483, RSMo 2000, provides that the State can file a commitment petition "prior to the anticipated release of a person ... who has been convicted of sexually violent offense." The majority concludes that this language is ambiguous with respect to whether an individual must be incarcerated for a sexually violent of-

fense at the time the State files a commitment petition. The majority resolves the ambiguity by broadly construing the law to effectuate the remedial purpose of protecting the public.

While there are many Missouri cases holding that a remedial law should be broadly construed, this rule originated in cases interpreting statutes that did not implicate fundamental liberty interests.[1] For instance, in *State ex rel. LeFevre v. Stubbs,* 642 S.W.2d 103 (Mo. banc 1982), cited by the majority, the Court broadly construed a statute dealing with the redemption of a deed of trust to real estate. In turn, *Stubbs* cited *State ex rel. Brown v. Board of Education of City of St. Louis,* 294 Mo. 106, 242 S.W. 85 (1922), a case involving the statutory authority of the St. Louis superintendent of schools. Neither the majority nor the State have identified any Missouri cases holding that an individual's fundamental right to liberty can be taken away based upon judicially crafted canons of statutory interpretation instead of explicitly clear statutory authority. To the contrary, Missouri cases indicate that where fundamental liberty interests are involved, there must be strict and literal compliance with statutes authorizing state action that interferes with those interests. *See In re K.A.W.,* 133 S.W.3d 1, 16 (Mo. banc 2004)(requiring strict and literal compliance with statute authorizing the termination of parental rights). Given the fundamental liberty interests involved in this case, any statutory ambiguity should be resolved in favor of the preservation of liberty. Consequently, I would hold that the trial court was without authority to proceed with the case because the sexually violent predator law only permits commitment of those individuals incarcerated for

---

1. *See Abrams v. Ohio Pacific Express,* 819 S.W.2d 338 (Mo. banc 1991)(broadly construing a remedial statute regarding filing deadlines for worker's compensation claims); *Mortenson v. Leatherwood Const., Inc.,* 137 S.W.3d 529 (Mo.App.2004)(broadly construing the prevailing wage law).

a sexually violent offense at the time the commitment petition was filed.[2]

**2.** *See also Detention of Gonzales,* 658 N.W.2d 102 (Iowa 2003); *Commonwealth v. McLeod,* 437 Mass. 286, 771 N.E.2d 142 (2002).