Debra DEROUSSE, Appellant,

v.

**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Respondent.**

No. SC 90093.

Supreme Court of Missouri, En Banc.

Dec. 8, 2009.

Alan S. Mandel, Michael J. Sudekum, Schlueter, Mandel & Mandel, L.L.P., St. Louis, for appellant.

Gary P. Paul, Jeffrey J. Brinker, Michael C. Bowgren, Brinker & Doyen, L.L.P., Clayton, for respondent.

MARY R. RUSSELL, Judge.

At issue in this case is whether an insurer wrongly was granted summary judgment when its policy failed to provide uninsured motorist coverage for nonphysical injuries. This Court finds that Mis-

souri's uninsured motorist statute, section 379.203.1, RSMo 2000,[1] requires coverage of all bodily injury, sickness, and disease. The trial court's entry of summary judgment is reversed, and the cause is remanded.

## I. Background

A body was ejected from an uninsured motorist's vehicle during a crash and landed on the hood of Debra Derousse's (Claimant) vehicle as she was driving down the highway. The body hit the windshield, rolled off of the hood, and went under the car. When Claimant was able to stop her car, she saw the body lying by her driver's side door and realized that she knew the victim.

Claimant was not physically injured and refused medical treatment at the scene. On arriving home, however, she threw up. She called her doctor and was prescribed Valium and Lexapro. In the following weeks, Claimant suffered nightmares, migraines, nausea, diarrhea, anxiety, and headaches, as well as vomiting and backaches. She eventually sought treatment from three therapists.

Claimant sought coverage for her emotional distress damages by making an uninsured motorist claim under her insurance policy with State Farm (Insurer). Her insurance policy provided uninsured motorist coverage for "damages for bodily injury," and the policy defined "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." Insurer denied Claimant's claim, interpreting its policy as not providing uninsured motorist coverage for her damages.

Claimant sued for coverage. Her petition claimed she suffered "injuries to her head, anxiety attacks, including nightmares, and severe emotional and mental distress." Because she admits that she was not physically injured at the time of the accident, her allegation that she suffered "injuries to her head" perhaps was intended as an allegation of mental or emotional harm.[2]

Insurer moved for summary judgment, which was granted in its favor. The trial court determined that Claimant had conceded she suffered no physical injuries, only emotional and mental distress. It concluded that her uninsured motorist coverage for "bodily injury" did not encompass coverage for "injuries solely of an emotional nature."

Claimant appeals, arguing that summary judgment was entered wrongly because (1) she sustained injuries covered by her policy; (2) her policy is ambiguous as to its coverage for emotional distress; and (3) her policy violates Missouri law.[3]

## II. Standards of Review

■■■ Appellate review of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* This Court reviews the record in the light most favorable to the

---

1. All statutory references are to RSMo 2000.

2. Claimant also maintains that she suffered physical manifestations of her emotional distress, such as vomiting and headaches, but she did not specify these physical manifestations of injury in her petition.

3. This Court took transfer of this case after its disposition by the Court of Appeals, Eastern District. Jurisdiction is vested in this Court pursuant to article V, section 10 of the Missouri Constitution.

party against whom judgment was entered. *Id.* Summary judgment is not appropriate where there is a genuine issue in dispute, which is shown when the record contains two plausible but contradictory accounts of essential facts and the dispute is real, not merely argumentative, imaginary, or frivolous. *Id.* at 382.

■■■ This Court's review of insurance policy language is a question of law requiring *de novo* review. *Jones v. Mid–Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009). An unambiguous policy will be enforced as written, absent a public policy to the contrary. *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992). An insurance policy that contravenes a statute or public policy requiring coverage cannot be enforced. *See Rodriguez v. Gen. Acc. Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. banc 1991).

### III. Was Summary Judgment Wrongly Entered?

The paramount issue in this case is whether Insurer wrongly was granted summary judgment because its policy contravenes the requirements of section 379.203.1 by failing to provide uninsured motorist coverage for Claimant's damages.

Claimant's policy providing uninsured motorist coverage states in relevant part:

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be sustained by an *insured* and caused by [an] accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

The policy also provides: *"Bodily Injury*—means bodily injury to a *person* and sickness, disease or death which results from it."

Insurer insists that uninsured motorist coverage under its policy requires physical "bodily injury" and that purely emotional damages are not covered. Claimant, however, asserts that her damages are compensable because section 379.203.1 does not limit uninsured motorist coverage to physical injuries.

Section 379.203.1 provides in relevant part:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles *because of bodily injury, sickness or disease, including death, resulting therefrom.* Such legal entitlement exists although the identity of the owner or operator of the motor vehicle cannot be established because such owner or operator and the motor vehicle departed the scene of the occurrence occasioning such *bodily injury, sickness or disease, including death,* before identification.

Section 379.203.1 (emphasis added).

■■■ Insurer's counsel conceded at oral argument that its policy language is not as broad as the statutory coverage language in section 379.203.1, though counsel also maintained that the "bodily injury" language in both the statute and the policy provides no coverage for Claimant's emotional harm. Because the policy's language is less broad than section 379.203.1's coverage language, however, the broader language of section 379.203.1 must control Claimant's case. *See Rodriguez*, 808 S.W.2d at 382 (stating that policy language

contravening a statute is unenforceable); *Ragsdale v. Armstrong*, 916 S.W.2d 783, 785 (Mo. banc 1996) (Benton, J., concurring) (stating that statutory provisions enter into and form a part of a policy to which they are applicable). The language of section 379.203.1, therefore, must be reviewed to determine if it provides coverage for Claimant's claims.

■ All words and phrases in a statute are assigned their plain and ordinary meaning. *See* section 1.090. A statute is ambiguous when its plain language does not answer the current dispute as to its meaning. *Holtcamp v. State*, 259 S.W.3d 537, 539 (Mo. banc 2008). The language of section 379.203.1 is ambiguous to the extent that it is not evident whether the word "bodily" modifies only the word "injury" or whether it also modifies the phrase "sickness or disease." If the word "bodily" modifies only "injury," then emotional distress damages unaccompanied by physical symptoms still could be covered by the statute's "sickness or disease" language.

■ Where a statute is ambiguous, this Court applies established rules of statutory construction. *Id.* This Court resolves ambiguities in statutes by determining the intent of the legislature and by giving effect to its intent whenever possible. *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007). The legislature's intent is determined based on the statute's plain language. *Id.* If statutory language is not defined expressly, it is given its plain and ordinary meaning, as typically found in the dictionary. *State v. Brookside Nursing Ctr., Inc.*, 50 S.W.3d 273, 276 (Mo. banc 2001).

■ Applying these rules of statutory construction to section 379.203.1, this Court finds that the term "bodily" modifies

only "injury" and not the clause "sickness or disease, including death." Because the statute uses a comma to separate the phrase "bodily injury" from the words that follow, the statute provides a series of categories of harm requiring uninsured motorist coverage: (1) bodily injury; (2) sickness; or (3) disease.

The dictionary definitions of these categories provide insight into whether Claimant's injuries are compensable. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993, Unabridged) provides the following definitions:

"**bodily**": "of or relating to the body"

"**injury**": "hurt, damage, or loss sustained"

"**sickness**": "the condition of being ill . . . a disordered, weakened, or unsound condition . . . a form of disease"

"**disease**": "an impairment of the normal state of the living animal . . . sickness, illness . . . a cause of discomfort or harm"

Considering these definitions, Claimant's damages are compensable under the "sickness" or "disease" categories provided by section 379.203.1. There is no need, therefore, to discuss whether Claimant's damages—described in her petition as "anxiety attacks" and "severe mental and emotional distress"—meet the definition of "bodily injury" advanced by Insurer. Accordingly, summary judgment was granted inappropriately in favor of Insurer, as the company was not entitled to judgment as a matter of law because Claimant pleaded claims covered by section 379.203.1.

Because material issues of fact remain in dispute about Claimant's injuries, as Insurer denies her allegations of damages, the trial court's judgment is reversed, and the cause is remanded.[4]

4. Insured's argument that her policy failed to provide the coverage required by section

PRICE, C.J., TEITELMAN, FISCHER and STITH, JJ., and MITCHELL, Sp.J., concur; WOLFF, J., concurs in separate opinion filed.

BRECKENRIDGE, J., not participating.

MICHAEL A. WOLFF, Judge, concurring opinion.

I concur in the principal opinion. I agree with its analysis of the language of section 379.203.1. But, as so interpreted, I question the wisdom of the statute.

The statute requires coverage of "bodily injury, sickness or disease, including death." The principal opinion reads this phrase to include sickness or disease, whether bodily or mental. The Court's decision is in line with contemporary notions of the relationship of the mind to the body.

But consider this: If Derousse and others like her have suffered an injury, sickness or disease, then surely we want them to get well. If the injury is a sickness or disease of the mind, and it is compensable, will the prospect of compensation help them get well?

What Derousse experienced—a body landing on the hood of her car—undoubtedly was shocking and upsetting. A person heals from this injury by the mind's marvelous ability to forget. When the memory of an awful event fades, the person gets better.

But litigation with the goal of being compensated for the injury requires or encourages the victim to keep the memory fresh. Is that good public policy?

The policy implications of today's decision, of course, are beyond the scope of this Court's interpretation of the statute.

One could speculate that the General Assembly, when it wrote section 379.203.1 many years ago, never meant to cover sickness or disease unless it was "bodily." But all we know is what words the legislators' bodies put on paper, for which their bodies expressed their votes. Who knows what was in their minds?

Perhaps it would be wise for today's legislators to put their minds to this matter.

379.203.1 is dispositive of this matter, and there is no need to address her arguments that she sustained injuries covered by her

policy or that her policy's language was ambiguous as to coverage for emotional distress.