ROBERT G. DOWD, JR., Judge
The State appeals from the judgment dismissing its petition to civilly commit P.L. as a sexually violent predator. We reverse and remand.
The State filed a petition asserting that P.L. met the criteria for civil commitment under Missouri's Sexually Violent Predator Act ("SVPA"). See Sections 632.480 RSMo, et seq. The State predicated its petition on P.L.'s conviction for attempted sexual assault on a child in Colorado, P.L, moved to *64 dismiss the petition on the ground that the Colorado offense did not meet the definition of "sexually violent offense" in the SVPA because it was not substantially similar to the Missouri offenses listed therein. See Section 632.480(4). The court took up the motion to dismiss at the probable cause hearing, held pursuant to Section 632.489, at which the State also presented the testimony of a psychologist regarding P.L.'s mental health. The trial court concluded that, as a matter of law, the Colorado offense did not constitute a sexually violent offense under the SVPA and dismissed the petition. The court did not, therefore, make any determinations about P.L.'s mental health. This appeal follows.
The SVPA provides for confinement of a person found to be a "sexually violent predator," one who has committed a sexually violent offense and suffers from a mental abnormality that makes it more likely than not he or she will engage in predatory acts of sexual violence if not confined. See Section 632.480(5). The SVPA does not impose punishment, but is instead rehabilitative, Holtcamp v. State, 259 S.W.3d 537, 539-40 (Mo. banc 2008). "The law seeks, above all else, the protection of society against a particularly noxious threat: sexually violent predators." Id. To be found a sexually violent predator the State must show that P.L. pled or was found guilty-in this State or any other jurisdiction-of a sexually violent offense. Section 632.480(5). A "sexually violent offense" is defined as follows:
the felonies of rape in the first degree, forcible rape, rape, statutory rape in the first degree, sodomy in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first, second, third, or fourth degree, sexual abuse, sexual abuse in the first degree, rape in the second degree, sexual assault, sexual assault in the first degree, sodomy in the second degree, deviate sexual assault, deviate sexual assault in the first degree, or the act of abuse of a child involving either sexual contact, a prohibited sexual act, sexual abuse, or sexual exploitation of a minor, or any felony offense that contains elements substantially similar to the offenses listed above.
Section 632.480(4) (emphasis added).
The Colorado offense to which P.L. pled guilty and on which the State relies here-attempted sexual assault on a child-is a "felony offense" in Colorado. See Colo. Rev. Stat. Section 18-3-405. Thus, the only question here is whether it "contains elements substantially similar to" one of the enumerated sexually violent offenses in Section 632.480(4). No Missouri court has construed this "catchall language." This statutory construction question of first impression is strictly a matter of law, and we review the question de novo, giving no deference to how the trial court resolved it. See In re Gormon, 371 S.W.3d 100, 104 (Mo. App. E.D. 2012). The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible and to consider the words in their plain and ordinary meaning. Holtcamp, 259 S.W.3d at 540. This Court gives broad effect to the language in the SVPA to effectuate the legislative purpose. Id. The SVPA is remedial and therefore "should be construed so as to meet the cases that are clearly within the spirit or reason of the law, or within the evil which it was designed to remedy, provided such interpretation is not inconsistent with the language used, resolving all reasonable doubts in favor of applicability of the statute to the particular case." Id. at 540 (emphasis added).
*65 The plain and ordinary meaning of "contains elements substantially similar to" indicates that the legislature intended there be a high degree of likeness between the elements of the predicate offense on which the State relies and one of the enumerated offenses in Section 632.480(4). "Similar," as defined in relevant part by our courts' dictionary of choice, is "having characteristics in common," "very much alike" and "alike in substance or essentials." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2120 (2002). In the SVPA, the legislature indicated that more than just similarity is required; the similarly must be substantial, meaning "considerable" and to a "large degree." Id. at 2280. Thus, the elements of the predicate offense must have considerable characteristic in common with and be, to a large degree, very much alike in substance and essentials to one of the enumerated sexually violent offenses. Importantly, by its plain terms, the legislature only requires that the elements of the two offenses being compared be substantially similar. The legal term "elements" refers only to those "constituent parts of a crime" that the prosecution must prove to sustain a conviction, typically consisting of an actus reus, mens rea and causation. BLACK'S LAW DICTIONARY (10th ed. 2014).
The elements of attempted sexual assault on a child in Colorado are knowingly taking a substantial step toward sexual contact with a person less than fifteen years old where the actor is at least four years older than the victim. See Colo. Rev. Stat. Section 18-3-405 and Section 18-2-101. "Sexual contact" is defined in Colorado as the touching of intimate parts, or the clothing covering intimate parts, for the purposes of sexual arousal, gratification or abuse. Colo. Rev. Stat. Section 18-3-401(4). "Intimate parts" means the "external genitalia or the perineum or the anus or the buttocks or the pubes or the breast." Colo. Rev. Stat. Section 18-3-401 (2). In lay terms, this offense prohibits both skin-to-skin touching and over-the-clothes touching, but not penetration.
The State argues that this Colorado offense contains elements substantially similar to attempted statutory sodomy in the first degree in Missouri, one of the specifically enumerated sexually violent offenses in the SVPA. See Section 632.480(4). The elements of attempted first degree statutory sodomy are knowingly taking a substantial step toward deviate sexual intercourse with a person less than fourteen years old. See Section 566.062.1 and Section 562.012. "Deviate sexual intercourse" is
any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the penis, female genitalia, or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim.
Section 566.010(3). Thus, statutory sodomy in the first degree includes two types of acts (1) "contact sodomy" involving the genitals of one person and the hand, mouth, tongue or anus of another person and (2) "penetration sodomy" involving the penetration of the sex organ or anus by a finger, instrument or object. Soto v. State , 226 S.W.3d 164, 166 (Mo. banc 2007). In other words, "[a] person can commit the crime of statutory sodomy simply by touching the victim's genitals with a hand." Becker v. State , 260 S.W.3d 905, 911 (Mo. App. E.D. 2008) (citing Soto, supra ). Again in lay terms, this offense prohibits both skin-to-skin touching and penetration, but not over-the clothes touching.
*66 We conclude that the Colorado offense of attempted sexual assault on a child contains elements substantially similar to the Missouri offense of attempted statutory sodomy in the first degree. First, they are both attempt crimes, which in both states requires knowingly taking a substantial step toward completion of the crime. Second, the victim's age element is, to a large degree, very much alike in both offenses. Although the Colorado offense covers one additional age (fourteen year-olds) and contains a so-called "Romeo and Juliet" or "age-gap" provision (excepting offenders who are close in age to their victims) not contained in the Missouri offense, the overall class of victims and offenders encompassed by this element are substantially similar in both offenses. Finally, the element setting out the prohibited acts in each offense-although there are some differences-contain considerable characteristics in common, namely, both offenses criminalize skin-to-skin touching of the genitals:
"Sexual contact" "Deviate sexual intercourse" (Colorado) (Missouri) Touching the An act with hand, mouth, tongue or anus and genitalia, perineum, anus, genitals buttocks, pubes or breast for sexual arousal, gratification for sexual arousal, gratification or abuse or to terrorize
Each offense also covers some conduct the other does not: statutory sodomy in Missouri covers penetration, which this Colorado offense does not, and sexual assault on a child in Colorado covers over-the-clothes contact, which this Missouri offense does not. These omitted acts are covered by other sections of the Missouri and Colorado criminal codes, as we discuss further below. If we imagine a Venn diagram of the "circles" of all of the prohibited conduct of these two offenses, there are admittedly areas of the circles that do not overlap. But the circles need not completely overlap because the elements need only be substantially similar under the SVPA, not identical. There is overlap in the prohibited act of skin-to-skin touching of the genitals and that, in our view, is a substantial similarity.
P.L. argues there are more similarities between other sex offenses in Colorado's and Missouri's criminal codes. P.L. points to the Colorado crime of "sexual assault" in Section 18-3-402(1)(d), which prohibits penetration and which, P.L. argues, is more similar to statutory sodomy in Missouri than Section 18-3-405. That Colorado offense only covers penetration, not contact; by P.L.'s logic, then, it suffers the same allegedly fatal difference in range of conduct when compared to statutory sodomy, which covers both contact and penetration. More importantly, P.L. did not plead guilty to the penetration offense in Colorado and that is not the predicate crime on which the petition for his commitment is based. P.L. also argues that his conviction for attempted sexual assault on a child in Colorado is more similar to attempted child molestation in Missouri, which criminalizes only sexual contact, including over-the-clothes, not penetration. See Sections 566.067-566.071 and Section 566.010(6). Attempted child molestation is *67 not an enumerated sexually violent offense under Section 632.480(4). P.L. argues that because his predicate crime is more similar to a non-enumerated offense, the legislature must not have intended for that crime to be used as a basis for civil commitment. We disagree.
The plain language of the SVPA only requires comparison of the elements of the offense the State predicates the petition for commitment upon with the enumerated offenses listed in Section 632.480(4). Section 632.480(4) does not contemplate that courts will search the Missouri criminal code looking for the crime that is most similar to the predicate offense. Nor does that statute suggest that when the predicate offense is from another jurisdiction, courts should search that jurisdiction's criminal code for other offenses that might be more similar to an enumerated offense in the SVPA. Criminal codes are organized differently in each jurisdiction, as evidenced in this case by the disparate ways Missouri and Colorado categorize and criminalize various types of sexual misconduct. Sex crimes in these two states do not neatly correlate to one another. Section 632.480(4) does not require courts to reconcile such organizational variances. Instead, it requires only a comparison of the offense the person sought to be committed actually pled to or was found guilty of and the sexually violent offenses listed in Section 632.480(4). In other words, the only question under Section 632.480(4) is whether the predicate crime contains elements substantially similar to an enumerated offense. That the predicate crime might also be similar to a non-enumerated crime, or that a non-predicate crime might also be similar to an enumerated crime, is not dispositive.
Here, the legislature included attempted statutory sodomy in the first degree as a "sexually violent offense" in Section 632.480(4) knowing that it covered both contact sodomy and penetration sodomy. Thus, the legislature must consider both types of conduct to be sexually violent in nature and among the acts considered a "particularly noxious threat." Holtcamp , 259 S.W.3d at 539-40. Because P.L. pled guilty to a crime in Colorado that covered one type of this conduct-contact-the legislature must have intended such an offense to be within the scope of sexually violent offenses that could support civil commitment under the SVPA. This is true even though the Colorado offense did not also prohibit the other type of conduct-penetration-prohibited in the enumerated offense and even though there is a non-enumerated offense in Missouri-child molestation-that is also similar to the Colorado offense.
P.L. also argues that the trial court was correct to rely, in part, on the different punishment ranges of these two offenses. We acknowledge that attempted sexual assault on a child in Colorado is a relatively low-level offense with a lower range of punishment than Missouri's attempted first-degree statutory sodomy offense. Compare Col. Rev. Stat. Section 18-2-101 and Section 18-1.3-401 (one to three years' imprisonment and a fine for this class 5 offense, second to lowest level in Colorado) with Section 566.062.2 RSMo (five years to life imprisonment for this highest degree offense in Missouri). But range of punishment is not an element of an offense. Unless and until the legislature instructs otherwise, the plain language of the statute requires that we consider similarity only with respect to the elements.[1]
*68 In sum, the elements of attempted sexual assault on a child in Colorado are substantially similar to-that is, they have considerable characteristics in common with and are, to a large degree, very much alike in substance and essentials-the elements of attempted statutory sodomy in the first degree in Missouri. This case is clearly within the spirit of the SVPA and the evil it was designed to remedy. See Holtcamp, 259 S.W.3d at 540. To the extent any of the differences discussed above raise reasonable doubts about whether the Colorado offense should be deemed a "sexually violent offense" under the SVPA, we must resolve those doubts "in favor of applicability of the statute to the particular case." Id. We hold that P.L.'s conviction in Colorado for attempted sexual assault on a child was a "sexually violent offense" as defined in the SVPA.
Point I is granted.
The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
Philip M. Hess, P.J. and Mary K. Hoff, J., concur.

We are aware that Texas has the same "catchall phrase" in its sexually violent predator act and that its courts have considered degree and punishment range when determining whether offenses contain elements that are substantially similar. See In re Commitment of Williams, 2018 WL 771962 (Tex. App. 2018) and In re Commitment of Cleaveland, 2014 WL 4364263 (Tex. App. 2014) (both construing Tex. Code Ann. Section 841.002(8)(G) ). We are not, of course, bound by any Texas opinion no matter how similar the issue. But we also do not find these cases persuasive because the courts went beyond the language of the statute by considering factors other than the elements of the offenses. We will follow the rules of statutory construction and avoid adding language that is not already in the statute. If our legislature wants us to consider punishment and degree of offenses when determining whether a non-enumerated offense is substantially similar to an enumerated sexually violent offense in the SVPA, it will tell us so.